## JAMES WAGGSTAFF *vs.* PHILIP ASHTON.

In slander the deft. cannot on the general issue give in evidence facts to disprove malice, or mitigate the damages, if such facts tend to establish the truth of the charge; though he expressly admit the words to be false.

A charge of *perjury* is actionable without a colloquium showing that it was in the course of a judicial proceeding.

CAPIAS case for slander. Narr; Pleas not guilty and justification. The plea of justification withdrawn.

The slander alledged imputed perjury to the plaintiff. It was laid several ways in the narr, as "I can prove you a perjured man;" "I do; you are perjured, and I can prove it," &c.

The defendant on withdrawing his plea of justification filed the following paper: "And now to wit, &c. Philip Ashton the deft.

in the above cause comes into court and withdraws the plea of justification by him heretofore pleaded in the above cause, and admits that the words alledged in the declaration to have been spoken by him, and which were spoken in relation to an oath made by the said James Waggstaff as garnishee on the eighteenth day of November one thousand eight hundred and thirty-three, in a certain cause then depending before this court in which the said Philip Ashton was plaintiff and a certain Joseph Clegg defendant, were false; and that the said James Waggstaff was not perjured in making the said oath; but the said Philip Ashton gives notice that he will prove, under the general issue, at the trial of the cause, that he had probable cause to believe and did believe at the time of speaking the said words that the said James Waggstaff was perjured, from the fact that the said James Waggstaff, after the attachment was laid in his hands, and before the oath so made by him, acknowledged that he was indebted to the said Joseph Clegg, as also from the statement which he made of the manner in which his promissory note to the said Joseph Clegg had been paid."

The plaintiff having made out his case, the defendant called a witness to prove, under this disclaimer and notice, that plff. had admitted his indebtedness to Clegg after the attachment was laid in his hands and before his said oath. The introduction of this kind of evidence was objected to.

*J. A. Bayard.* The defendant under the general issue is not allowed to prove either the truth of the words spoken, or facts tending to establish their truth. General reports may be given in evidence in mitigation of damages; but not particular facts tending to establish the charge. The plff. cannot be supposed to come prepared to meet these facts; and, if admitted, the result might be that in a case where the deft. does not dare to put in issue and try the truth of the charge by a plea of justification, he might nevertheless in this side way establish its truth and prove the guilt of the plff. without giving him any notice to prepare his defence. 2 *Stark. Ev.* 470, (878;) 3 *Eng. Com. Law Rep.* 177; *Mills* vs. *Spenser*; 2 *Saund. Ev.*; 10 *Com. Law Rep.* 29; *May et al* vs. *Brown*.

*R. H. Bayard.* This a question of great importance and not to be disposed of by a mere reference to elementary treatises, or nisi prius decisions. We propose to introduce this evidence on the ground of a paper filed in the cause which, after admitting the speaking of the words, and that they were false, gives notice of this defence. The point is whether in the case of a formal disclaimer by the deft. of any attempt to prove the truth of the words he may not prove that he was induced by the acts and the declarations of the plff. to believe that they were true. Prior to the case of *Underwood* vs. *Sparks*, 2 *Strange* 1200, the deft. could, under the general issue, prove any thing material to his defence. In that case it was decided that he should not be permitted to prove the truth of the charge under the general issue; because you would thus take the plff. by surprise and put him on trial for his whole life. Nor will he be permitted to give in evidence facts tending to prove the truth of the words spoken without an admission that they are untrue. 8 *Wendall's Rep.* 579. By declining to justify he admits that the words

are untrue and he can't be permitted to do indirectly what he could not do directly. The implied admission growing out of the pleadings might be contradicted and overthrown by the proof. But where the deft. distinctly admits that the words spoken are untrue and disclaims any intention of attempting to establish the charge he may prove facts which show that he had probable ground to believe it true and was not actuated by malice in asserting it; facts, which without his admission, might tend to prove the truth of the charge. The books will be found to establish this classification of the cases. 8 *Wendall's Rep.* 573; *Gilman* vs. *Lowell.* Where a party charged another against whom a justices' judgment had been obtained with falsely swearing in making oath that he was a *freeholder* he was allowed to show that on search for the deed in the clerk's office, where by law it was required to be recorded, it was not found, owing to a mistake of the clerk in indexing the records. To the plea of the general issue the deft. subjoined a *notice* that on the trial he would prove that although Gilman's statements in respect to the deed were true, that he held such deed and that it was in fact recorded, *yet* that after his oath and before the speaking the words, he, Lowell, caused diligent search to be made in the recorder's office and that owing to a mistake in indexing the records it could not be found; and that he had therefore reason to believe that no such deed was recorded, and that plff. had sworn falsely.

So here the deft. distinctly admitting that the charge against Waggstaff that he swore falsely in declaring that he was not indebted to Clegg is untrue, proposes to prove that he had reasonable ground to believe it to be true because the plff. admitted his indebtedness to Clegg after attachment. The objects of an action of slander are not to avenge the insult nor to make money for the plff., but to try the truth of the charges against him, to restore his character and to punish the deft. for the malicious defamation. The points are the speaking the words, their falsity, and the malice. The damages depend on the malice and this can be known only from all the circumstances attending the charge. The plff.'s character is restored by a distinct admission that the words spoken are false; the malice is disproved by showing that the deft. believed, though erroneously, that they were true. And the deft. may give in evidence mitigating circumstances, or facts tending to establish a ground of suspicion, but not amounting to proof of the charge. 1 *T. Rep.* 110; *Peake's Ev. Noble* vs. *Fuller;* 2 *Camp.* 250; 3 *Camp.;* 3 *Serj. & Lowber; Com. Law Rep.* 112, 115, *n.;* 12 *ditto* 269; 1 *Binn. Rep.* 91.

*J. A. Bayard.* Has the deft. a right to introduce this evidence by reason of his disclaimer on the record? By what authority is it placed there? Is it, or not, a part of the pleadings? It is a proceeding unknown to our practice, and amounts to nothing more than an admission by the counsel at the bar that the charge made by his client is false, and that he has slandered the deft. And on the strength of this admission he claims to be permitted to turn round and prove the words true, or at least if not true, that there is so great a probability of their truth, he was in some degree justified in considering them to be true. I agree that where the facts amount to a defence to the action they are admissible, but not in mitigation of

damages; as in the case of confidential communications; mere repe-
titions with the name of the author given at the time; representa-
tions given by a master, without malice, of the character of a ser-
vant, &c. (1 *Term Rep.* 110.)   But I know of no decision that the
deft. on the general issue may prove either the truth of the words
spoken or facts tending to establish their truth.   In the case of *Gos-
lin* vs. *Cannon* in Sussex such evidence was rejected.   It appears
to me that the case from *Wendall* is distinguishable from this though
I have not had the time to examine it; but there was a part of it read
with much emphasis which I deny to be law, that malice is the only
ground of damage.   The damages in an action for slander must de-
pend on a variety of circumstances, as the character of the parties,
the injury done to the plff. by the false charge; the circumstances of
deft., &c. &c.

   *By the Court: Chief Justice Clayton:*   The general question
has been considered as settled in the courts of this state, but it is
made, in this case, to assume a somewhat different form on account
of the disclaimer and notice which deft. has placed on the record.
The practice in that respect is new.   We understand that he pro-
poses to prove, under this notice, that, though the charge made by
him against the plff. is false, he had probable cause to believe that
Waggstaff was perjured in swearing that he was not indebted to
Clegg because he had admitted his indebtedness after the attachment
was laid in his hands as Clegg's garnishee.   The general principle is
that stated in *2 Stark. Ev.* 878, as the resolution of all the judges in
*Underwood* and *Parks,* 2 *Strange,* 1200, that evidence of the
truth of the words is not admissible either in bar of the action or in
mitigation of damages, unless specially pleaded.   If the deft. will
insist on the truth of the charge he is bound to give the plff. notice
by the pleadings.   And if the truth cannot be *proved* under the ge-
neral issue, it would seem to follow that *evidence tending* to prove
it must be rejected.   And the admission of facts having this ten-
dency must necessarily admit facts in refutation of these; thus not
only calling on the plff. without notice to defend his whole life, but
forming in the cause numberless collateral issues.   And if the proof
of one fact be admitted tending to show the actual guilt of the plff.
other facts cannot, on principle, be rejected; and the deft. may thus
indirectly prove the slander true against the implied admission of the
pleadings, or even the more direct admission of such a disclaimer as
this.   (*Starkie on Slander,* 410.)   We cannot say that we are pre-
pared to sanction the practice adopted in this case; but if we would
regard this paper as a part of the pleadings it should contain the
same certainty as a declaration or plea.   Ashton alledges that he
had probable cause to believe the plff. was perjured, because he ac-
knowledged his indebtedness to Clegg after attachment laid, &c.   To
whom was this acknowledgment made?  If to a third person it could
not possibly be proved by the witness now called; if to him, as is
most likely, and he communicated it to deft. who repeated it, it is
the common case of the repetition of a hearsay slander without at
the time giving the author.   Suppose I am informed by A, a respec-
table man, that B has admitted himself to be a thief, can I defend
myself under the plea of not guilty in an action for calling B a thief,

that I had probable ground to believe so arising from this information? and shall I call A to establish my defence? And if I do so is not the charge proved?

The case of *Gilman* vs. *Lowell* does not, as the deft.'s counsel supposes, establish that on the disclaimer of any intention to prove the truth of the words the deft. may nevertheless prove facts having this *tendency*. The decision in that case was that circumstances which disprove malice, but *do not tend* to establish the truth of the charge may be given in evidence in mitigation of damages; and it was expressly on the ground that "the facts offered to be shown would disprove malice, and would not tend to prove the truth of the charge of false swearing. The case shows that this was so. The charge was in substance that the plff. had perjured himself by swearing that a certain deed was on the record; the proof offered was that deft. was induced to believe him perjured because from an omission to *index* the record of this deed he had been unable to find it after diligent search, but that the *record had since been found.* The proof so far from tending to show the guilt of the plff. beyond all doubt, established his innocence, and at the same time disproved the malice of the deft. In the case before us there has been no new disclosure of circumstances since the slander was uttered to remove the imputation. If he had probable ground to make the charge then he has such still. And what was this ground? That after the attachment was laid in plff.'s hands as a garnishee of Clegg at the suit of deft. he told some one he was indebted to Clegg. If this was true he could not afterwards remove his indebtedness. If this was true his subsequent oath "that he was not at the time of the attachment served or at any time since indebted to Clegg in any sum whatever," was false. And on an indictment for perjury would not this declaration form an important link in the chain of proof to convict him? Does it not *tend* to prove the truth of the slanderous words?

We are of opinion that the evidence is not admissible either under the general issue or on the disclaimer and notice filed in this cause. *(a)*

The plaintiff had a verdict for $300.

*J. A. Bayard,* for plaintiff.
*R. H. Bayard,* for defendant.

---

(a) The declaration set forth the charge of *perjury* without any colloquium that it was in the course of a judicial proceeding; but it was held good. 1 *Chitty Pl.* 383. *n.* "To say that the plff. has sworn false or taken a false oath is not actionable without a colloquium of its being in a cause pending in a court of competent jurisdiction and on a point material to the issue." Where the slander is *prima facie* actionable, as for calling a person directly a *thief* or stating that he was guilty of *perjury,* &c. a declaration stating the deft.'s malicious intent and the slander concerning the plff. is sufficient without any prefatory inducement. 1 *New-York Term Rep.* 347. Action is not sustainable for saying one is *forsworn;* aliter, that he is *perjured.* 8 *Wendall* 573, *Gilman* vs. *Lowell.* Slander lies for saying of another "he has sworn *falsely* and I will attend the *grand jury* respecting it," without a *colloquium* showing the speaking of the words to refer to proceedings in which perjury could have been committed